UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MAIDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>HAL NEDERLAND N.V., a Curacao corporation; HOLLAND AMERICA LINE N.V., a Curacao corporation; HOLLAND AMERICA LINE – USA INC., a Washington corporation;  HOLLAND AMERICA LINE INC., a Washington corporation; HAL ANTILLEN N.V., a Curacao corporation; HOLLAND AMERICA LINE USA, INC., a Delaware for profit corporation; XYZ CORPORATION,<br><br>    Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff KEVIN MAIDEN, by and through his attorneys, Lipcon, Margulies & Winkleman, P.A., and states as follows:

## I.   JURISDICTION AND VENUE

A. This claim for damages is for injuries suffered by Plaintiff KEVIN MAIDEN caused by the negligence of Defendants. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

B. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because HOLLAND AMERICA LINE, INC unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as

opposed to any other place in the world.

C. Defendants do business in the state of Washington and issued the "Cruise Contract" booking passage for Plaintiff KEVIN MAIDEN on the *M/S Nieuw Amsterdam* from Defendants' offices in Seattle, Washington, situated in the Western District of Washington. Venue lies in the Western District of Washington in Seattle pursuant to the terms of the parties' "Cruise Contract."

D. This action is timely filed as it is brought within the contractual one-year statute of limitations that Defendants unilaterally insert in the cruise ticket contract.

## II. JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## III. PARTIES

A. At all times material, Plaintiff, KEVIN MAIDEN was a fare-paying passenger aboard the vessel *M/S Nieuw Amsterdam* and a citizen and resident of New Jersey.

B. At all times material, Defendant HAL NEDERLAND N.V., a Curacao corporation, was the owner of the *M/S Nieuw Amsterdam*.

C. At all times material, Defendant HOLLAND AMERICA LINE N.V., a Curacao corporation, was the charterer of the *M/S Nieuw Amsterdam*.

D. At all times material, Defendant HOLLAND AMERICA LINE – USA INC., a Washington corporation, was the operator of the *M/S Nieuw Amsterdam*.

E. At all times material, Defendant HOLLAND AMERICA LINE, a Washington corporation, was the owner/operator/charterer of the *M/S Nieuw Amsterdam*.

F. At all times material, Defendant HAL ANTILLEN N.V., a Curacao corporation, was the owner/operator/charterer of the *M/S Nieuw Amsterdam*.

G. At all times material, Defendant HOLLAND AMERICA LINE USA, INC., a Delaware for profit corporation, was the owner/operator/charterer of the *M/S Nieuw Amsterdam*.

H. Defendant, XYZ CORPORATION, is included in an abundance of caution in the event that discovery reveals that another entity, whose name is not yet known to the Plaintiffs, owns, manages, or operates the vessel, *M/S Nieuw Amsterdam*, wherein Plaintiffs suffered their injuries.

### IV.   FACTUAL BASIS FOR ALLEGATIONS

A. On or about August 22, 2021, Defendants held a ping pong tournament for passengers aboard the *M/S Nieuw Amsterdam* (hereinafter referred to as the "vessel").

B. Upon information and belief, the ping pong tournament was held on the Lido Pool Deck, deck 9, of the subject vessel.

C. The Lido Pool Deck was equipped with a retractable dome cover, which was closed at all times material.   The combination of the outside cold air and warm enclosed area resulted in condensation forming on the floor, specifically including the area where the ping pong tournament was being held.   Unbeknownst to the Plaintiff, the condensation caused the floor to become unreasonably slippery and slick.

D. On or about August 22, 2021, while warming up for the ping pong tournament the Plaintiff slipped and fell an unreasonably wet, slippery, slick, worn out, hazardous, and/or dangerous flooring surface.

E. The unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous nature of the flooring surface was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition(s).

F. As a result of the fall the Plaintiff sustained severe and debilitating bodily injuries, including but not limited to a bilateral leg injury.

G. At all times material, the vessel was in navigable waters.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN AGAINST ALL DEFENDANTS

A. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in the above in sections I-IV as though alleged originally herein.

B. At all times material hereto, Defendants had a duty to provide Plaintiff with reasonable care under the circumstances.

C. At all times material hereto, Defendants had a duty to warn passengers of dangers that were known, or reasonably should have been known, to Defendants in places where passengers are invited to or may reasonably be expected to visit.

D. On or about August 22, 2021, the Plaintiff was partaking in the onboard ping pong tournament offered by the Defendants, on Deck 9. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

E. On or about August 22, 2021, Defendants and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn the Plaintiff of the unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous condition of the subject flooring surface;

    b. Failure to adequately warn the Plaintiff that the subject flooring surface becomes unreasonably wet, slippery, slick, hazardous and/or dangerous

        when the retractable dome cover is open/in use;

c. Failure to adequately warn the Plaintiff that condensation would build up on the subject flooring surface so as to create a slippery, hazardous and/or dangerous condition;

d. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous nature of the subject flooring surface;

e. Failure to adequately warn the Plaintiff of the risks and/or dangers posed to her, due to improper and/or inadequate, maintenance and/or inspection of the subject flooring surface;

f. Failure to place a caution/warning sign in the subject area so as to warn passengers like Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous nature of the subject flooring;

g. Failure to adequately warn the Plaintiff that the subject flooring surface lacked proper co-efficiency of friction;

h. Failure to adequately warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface; and/or

i. Other negligent acts and/or omissions that may be revealed in discovery.

F. All or some of the above acts and/or omissions by Defendants, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being

severely injured.

G. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's incident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the *M/S Nieuw Amsterdam*, and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

H. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, and impaired working ability. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## SECOND CAUSE OF ACTION
## NEGLIGENT FAILURE TO MAINTAIN AGAINST ALL DEFENDANTS

A. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in the above in sections I-IV as though alleged originally herein.

B. At all times material hereto, Defendants had a duty to provide the Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the subject area in a reasonably safe condition.

C. On or about August 22, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to adequately maintain the subject flooring surface where the Plaintiff's incident occurred in a reasonably safe condition;

    b. Failure to adequately maintain the subject flooring surface so that it would be free of slipping hazard(s);

    c. Failure to adequately and regularly inspect/monitor the flooring surface where the Plaintiff's incident occurred so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident;

    d. Failure to adequately and regularly inspect/monitor the flooring surface where the Plaintiff's incident occurred in order to determine whether the subject flooring was unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous in nature;

    e. Failure to adequately maintain the subject flooring surface in a clean and dry condition;

    f. Failure to adequately maintain the subject flooring surface with reasonable co-efficient of friction and ensure it was not unreasonably slippery, slick and/or worn out;

    g. Failure to adequately maintain the surface of the floor in a reasonably safe condition if/when the subject area became wet, or too slippery,

including, but not limited to, closing off the subject area that was dangerously wet/slippery, and/or placing signage to warn passengers of hazardous areas;

h. Failure to adequately maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface; and/or

i. Other negligent acts and/or omissions that may be revealed in discovery.

D. All or some of the above acts and/or omissions by Defendants, its agents, employees and/or crewmembers, directly and/or contributed to the Plaintiff being severely injured.

E. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's incident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the *M/S Nieuw Amsterdam*, and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

F. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing

conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, and impaired working ability. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### THIRD CAUSE OF ACTION
### GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS

A.  Plaintiff re-alleges, adopts, and incorporates by reference the allegations in the above in sections I-IV as though alleged originally herein.

B.  At all times material hereto, Defendants had a duty to provide the Plaintiff with reasonable care under the circumstances.

C.  On or about August 22, 2021, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a.  Failure to provide the Plaintiff with reasonable care under the circumstances;

   b.  Failure to conduct the ping pong tournament in a reasonable safe manner;

   c.  Failure to keep the flooring surface at or near the ping pong tables free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions;

d. Failure to keep the flooring surface at or near the ping pong tables in a reasonably clean and/or dry condition so as to prevent participants, like the Plaintiff from slipping and falling;

e. Failure to utilize a reasonably safe flooring surface for the subject area in light of the anticipated purpose of the subject area;

f. Failure to have a non-slip and/or non-skid flooring surface on/around the subject area;

g. Failure to keep rubber mats or other non-slip coverings or substances on/around the subject area;

h. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface around the subject area prior to opening it up to passengers and the Plaintiff;

i. Failure to adequately and regularly inspect the subject area for wet, slippery, slick, worn out, hazardous and/or dangerous conditions;

j. Failing to identify the wet, slippery, slick, worn out, hazardous and/or dangerous conditions on the subject flooring surface; and/or

k. Failing to correct the wet, slippery, slick, worn out, hazardous and/or dangerous conditions on the subject flooring surface; and/or

l. Failing to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions;

m. Failing to regularly and adequately clean the subject area;

n. Failing to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous and/or dangerous areas of the subject flooring surface;

o. Failure to adequately station crewmembers in the sports areas of the subject vessel and/or where passengers were expected to make athletic movements such as, running with abrupt stopping, jumping and landing;

p. Failing to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions;

q. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous conditions of the subject flooring surface;

r. Failing to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, worn out, hazardous and/or dangerous areas and/or that such wet, slippery, slick, worn out, hazardous and/or dangerous areas are closed off; and/or

s. Failing to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area/deck and/or type of flooring surface so as to remedy such hazardous and dangerous conditions;

  t. Failing to correct hazardous and dangerous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

  u. Other negligent acts and/or omissions that may be revealed in discovery.

D. All or some of the above acts and/or omissions by Defendants, their agents, employees and/or crewmembers, directly caused and/or contributed to the plaintiff being severely injured.

E. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's incident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the *M/S Nieuw Amsterdam*, and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

F. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, and impaired working ability. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments

in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## VI. INJURIES

As a direct and proximate result of defendants' negligence, Plaintiff's body was manipulated and contorted, causing Plaintiff to sustain injuries to his body and extremities. Plaintiff did thereby sustain extensive and permanent damages, which shall be proved at the time of trial.

## VII. DAMAGES

A. As a direct and proximate result of Defendants' negligence, Plaintiff sustained conscious physical and mental pain and anguish, disability, and loss of enjoyment of life. Plaintiff was forced to undergo medical treatment to alleviate some of this pain. Plaintiff hereby makes claim for pain, suffering, anguish, disability, physical impairment, loss of enjoyment of life, medical expenses, related economic expenses, lost wage earning capacity, and lost wages past, present, and future.

B. As a direct and proximate result of Defendants' negligence, plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff prays for damages to be awarded against Defendants, jointly and severally, in an amount to be determined by the presentation of evidence at the time of trial to a jury, together with prejudgment interest, taxable costs, and such other and further relief as the court deems just and proper.

DATED this 22nd day of March 2022.

**LIPCON, MARGULIES & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

**LIPCON, MARGULIES
& WINKLEMAN, P.A.**
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131
305.373.3016 (T)
305.373.6204 (F)

By:   /s/ Jason R. Margulies
    JASON R. MARGULIES
    WSBA #54741
    jmargulies@lipcon.com

    /s/ Olivia Thompson
    OLIVIA THOMPSON
    WSBA #57023
    othompson@lipcon.com